IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                 No.   3:13-cr-30125-DRH-11

ANTOINE JENKINS,

    Defendant.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on the Government's motion for reconsideration of the Court's order dated June 30, 2014 granting in part and denying in part defendant Antoine Jenkins' ("Jenkins") motion to suppress (Doc. 261). The Court directed defendant to respond and he has done so (Doc. 289). For the following reasons, the Court **GRANTS** the Government's motion (Doc. 261).

### I.   BACKGROUND

On June 20, 2013, the undersigned granted in part and denied in part defendant's motion to suppress (Doc. 258). The Court, relying on *Riley v. California*, 134 S.Ct. 2477 (2014), granted defendant's motion as it related to the search of his cell phone. The relevant facts are as follows: Officer Jarrod Leckrone, after conducting a stop of the vehicle defendant was driving, found several cell phones and a baggie containing cocaine in a plastic compartment under the dash. Defendant was then placed in handcuffs. Upon arrival at the

police station, DEA Special Agent McKnight took custody of the cocaine and examined the phones. He identified telephone number 618-799-4062 from one of the phones. He also observed a recent call in the phone "'TY' 314-750-4828."

In its motion to reconsider, the Government requests review of the Court's order asserting that the evidence retrieved from the defendant's cell phone falls under the "good faith" exception to the exclusionary rule. The Government argues that at the time that the search occurred, the search complied with existing Seventh Circuit precedent, specifically the intrusiveness test of *United States v. Flores-Lopez*, 670 F.3d 803 (7th Cir. 2012).

In his response, defendant asserts both that Supreme Court precedent was against the officers, citing *Segura v. United States*, 468 U.S. 796 (1984), and that the US Attorney's Office had previously conceded, in *United States v. Burgard*, 675 F.3d 1029 (7th Cir. 2012), that the police must obtain a warrant within a reasonable time of seizing an item.

## II. ANALYSIS

On June 23, 2014, while defendant's motion to suppress was pending before this Court, the Supreme Court issued its decision in *Riley v. California*, 134 S.Ct. 2473 (2014). The Supreme Court's holding was unequivocal, "officers must generally secure a warrant before searching data on a cell phone seized from an individual who has been arrested. *Id.* at 2485. The Supreme Court allowed for exigent circumstances, however this Court found none in this case. The Government now urges the Court to reconsider its decision based on the good faith exception of *Davis*. *Davis v. United States,* 131 S.Ct. 2419 (2011).

The Supreme Court in *Davis* held the following: When the police reasonably rely on binding Circuit precedent, their conduct "comes within the good-faith exception and is not properly subject to the exclusionary rule."  *Id.* at 2434.

Prior to the Supreme Court's decision in June, the Seventh Circuit's precedent in this area was limited.  The Government relies on *Flores-Lopez* in which the Seventh Circuit applied an invasiveness test and found that the search of a cell phone for its telephone number was a valid warrantless search incident to arrest.  *United States v. Flores-Lopez*, 670 F.3d 803, 809 (7th Cir. 2012).  The Seventh Circuit, in *dicta*, also indicated, "If allowed to leaf through a pocket address book, as [police] are, they should be entitled to read the address book in a cell phone."  *Id.* at 807.  Nevertheless, the Seventh Circuit clearly left "these . . . questions for another day, since the police did not search the contents of the defendant's cell phone, but were content to obtain the cell phone's phone number."  *Id.* at 810.  Therefore, here the cell phone's number but not necessarily the number from the call log would be admissible under this circuit's precedent.  However, the Court finds, applying *Davis v. United States* and *Herring v. United States*, that to exclude this evidence based on the DEA Special Agent's good faith effort to comply with the rule articulated in *Flores-Lopez* would not further the exclusionary rule's intent to "deter deliberate, reckless, or grossly negligent conduct, or in some circumstances recurring or systemic negligence."  *Herring*, 555 U.S. 135, 144 (2006).

### III.  CONCLUSION

Accordingly, the Court **GRANTS** the Government's motion for

reconsideration (Doc. 261). The portion of the Court's June 30, 2014 order granting defendant's motion to suppress is hereby **VACATED.** The evidence retrieved from the defendant's cell phone is **ADMISSIBLE.**

**IT IS SO ORDERED.**

Signed this 10th day of September, 2014.

Digitally signed by David R. Herndon
Date: 2014.09.10 13:14:27 -05'00'

**Chief Judge**
**United States District Court**