# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ANTWON JENKINS**
**a/k/a Antoine Jenkins,**

      **Petitioner,**

          **vs.**

**UNITED STATES OF AMERICA,**

      **Respondent.**

**CIVIL CASE NO. 18-CV-00610-DRH**

**CRIM. CASE NO. 13-CR-30125-DRH-11**

## <u>ORDER</u>

**HERNDON, District Judge:**

Before the Court is the Government's Motion for Order Authorizing Criminal Defense Attorney to Provide Written Response. Crim. Doc. 653. As the government states, the grounds for relief raised by Jenkins in his pending section 2255 motion concern claims of ineffective assistance of counsel and may relate directly or indirectly to communications between Jenkins and his attorney. Civ. Doc. 1. Jenkins was represented by Turner Rouse, who at the time was on the Criminal Justice Act Panel.

In its motion, the Government advises the Court that it has notified Mr. Rouse that it wished to request an affidavit or written response to the ineffective assistance of counsel claims, and seeks a court order authorizing him to provide such an affidavit. The Government submits that in light of the Seventh Circuit's decision in *United States v. Evans*, 113 F.3d 1457 (7ᵗʰ Cir. 1997), an order from

the Court specifically finding that Jenkins' allegations of ineffective assistance of counsel have waived the otherwise applicable attorney-client privilege and specifically authorizing him to respond is advisable. In *Evans*, in addressing whether the attorney-client privilege had been waived in circumstances different from those presented in this case, the Seventh Circuit noted that the "most prudent course" for a defense attorney to take before disclosing confidential communications and other information—even if the attorney believed that a waiver of the privilege had clearly occurred—is to secure an administrative or judicial determination that the disclosure would not violate the attorney client privilege. *Id.* at 1468.

The Court notes that "[i]t has long been the rule in federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with the allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716-17 (9th Cir. 2003) (citing *Wharton v. Calderon*, 127 F.3d 1201, 1203 (9th Cir. 1997); *United States v. Pinson*, 584 F.3d 972 (10th Cir. 2009) ("Given the ample, unanimous federal authority on point, we hold that when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim."); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974)("When a client calls into public question the competence of his attorney, the privilege is waived."); *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967)); *In re Lott*, 139

Fed.Appx. 658 (6th Cir. 2005) ("In the habeas context, courts have found implied waiver of the attorney-client privilege when the petitioner 'injects into [the] litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct.'" and *citing Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001). Accordingly,

**IT IS ORDERED** that the Government's motion (Crim. Doc. 653) is hereby **GRANTED.** The Court **FINDS** that Jenkins' allegations of ineffective assistance of counsel on the part of Mr. Rouse, brought in his section 2255 motion, operate as a waiver of the attorney-client privilege.

**IT IS FURTHER ORDERED** that Mr. Rouse is authorized to provide an affidavit or written response addressing Jenkins' allegations of ineffective assistance of counsel and provide that affidavit or written response to Counsel for the Government for inclusion with its response to the section 2255 motion.

**IT IS SO ORDERED.**

Judge Herndon
2018.04.25
16:18:03 -05'00'

**United States District Judge**